Citation Nr: 1518726 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 10-13 200 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Kimberly A. Mitchell, Associate Counsel




INTRODUCTION

The Veteran served on active duty from November 1965 to September 1969. He died in November 2008, and the appellant is his surviving spouse. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from an
April 2009 rating decision of the Department of Veterans Affairs (VA) Regional
Office (RO) in Nashville, Tennessee.

In response to the appellant's request for a hearing before the Board, the RO scheduled her for a hearing on September 20, 2011. However, the appellant did not appear for the scheduled hearing, nor did she provide any reason for her failure to attend or request that the hearing be rescheduled. None of the notice letters regarding the Board hearing have been returned as undeliverable. Accordingly, the request for a hearing is considered withdrawn. 38 C.F.R. § 20.704(d) (2014). 

In September 2013, the Board denied the claim of entitlement to service connection for cause of death. The appellant appealed the Board's September 2013 decision to the United States Court of Appeals for Veterans Claims (Court). By Order dated in May 2014, the Court granted a Joint Motion for Remand (Joint Motion) filed by the representative for the appellant and the VA Secretary, vacating the Board's decision and remanding this matter to the Board for further proceedings consistent with the instructions in the Joint Motion.

In September 2014, the Board remanded the claim for further development to include a medical opinion regarding the etiology of the cause of the Veteran's death, metastatic malignant melanoma due to metastasis to the left lower
sentinel node 2003 with metastasis to the brain.

This appeal was processed using the Virtual VA and VBMS paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although further delay is regrettable, the Board finds that additional development is required before a decision can be rendered on the merits of the claim for entitlement to service connection for the cause of the Veteran's death.

VA's duty to assist includes providing a medical examination or obtaining a medical opinion when necessary to make a decision on a claim. See 38 C.F.R. 
§ 3.159(c)(4). In this case, a VA examiner's opinion was sought as to the issue of whether the cause of the Veteran's death, metastatic malignant melanoma due to metastasis to the left lower sentinel node 2003, with metastasis to the brain, was causally or etiologically directly related to service, including in-service exposure to Agent Orange in Vietnam. After a review of the Veteran's claims file, the examiner opined that it was less likely than not that the Veteran's cause of death was incurred in or caused by the claimed in-service injury, event or illness. However, the examiner went further, and concluded that the etiology of the Veteran's melanoma was most likely exposure to the sun/UV light over the course of his lifetime, without addressing the likelihood that the Veteran's melanoma was related to the Veteran's exposure to sun during active service. 

As it further appears that there is insufficient information in the claims file to permit the examiner to provide such an additional opinion, the Board finds that a remand is necessary so that the RO can contact the appellant and request any information that she may have regarding the Veteran's sun exposure in relation to his job duties during his military service, his occupation(s) after service, and any recreational or extracurricular activities the Veteran may have engaged in during the course of their marriage. The Board notes that the appellant and the Veteran were married in October 1970. 

Additionally, the Veteran's personnel records may contain information regarding the circumstances and nature of the Veteran's military duties. As these records are not associated with the claims file, and may be pertinent to the issue on appeal, the RO should also make an effort to obtain and associate the records with the Veteran's claims file.

After receiving a response from the appellant, the claims file should be returned to the examiner who conducted the December 2014 VA examination, and the examiner should be asked to provide an addendum opinion that takes into account any additional information received regarding the Veteran's sun/UV light exposure.

Accordingly, the case is REMANDED for the following action:

1. The RO should make an effort to obtain the Veteran's personnel records from the NPRC, or any other possible custodian of these records. All records received should be associated with the claims file.

2. Contact the appellant and request that she provide any information she may have regarding the Veteran's sun exposure in relation to:

(a) his job duties during his military service,

(b) his occupation(s) after service, and 
(c) any recreational or extracurricular activities the Veteran may have engaged in during the course of their marriage wherein he underwent excessive exposure to the sun.

3. After receiving a response from the appellant, the claims file and a copy of this remand should be returned to the December 2014 VA examiner, or a different appropriate examiner if the December 2014 VA examiner is unavailable, for an addendum opinion encompassing the additional information and opining whether it is at least as likely as not (50 percent probability or more) that the Veteran's melanoma was related to his exposure to the sun/UV light during active service. 

A rationale addressing the Veteran's in-service and post-service sun exposure should be provided. 

If the requested opinion cannot be provided without resort to speculation, the examiner should so state and explain why an opinion cannot be provided without resort to speculation. In this regard, indicate whether the inability to provide a definitive opinion is due to a need for further information or because the limits of medical knowledge have been exhausted regarding the etiology of the disability at issue, or because of some other reason.

4. Thereafter, the RO/AMC should readjudicate the issue on appeal. If the determination remains unfavorable to the appellant, she and her representative should be provided with a supplemental statement of the case (SSOC) that addresses all relevant actions taken on the claim for benefits, to include a summary of the evidence and applicable law and regulations considered, and the appellant should be given an opportunity to respond to the SSOC prior to returning the case to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Michael J. Skaltsounis
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).